JOHN L. JOSEPH *vs.* WALLACE-MURRAY CORPORATION.

Worcester. May 7, 1968. — June 13, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Corporation*, Merger, Fraud, Minority stockholder. *Fraud*.

A suit in equity by a minority stockholder of a corporation attacking a merger of the corporation into another corporation under G. L. c. 156B, § 82, was properly dismissed where the grounds of complaint respecting the merger set forth in the bill, chiefly denial of access to and communication with other minority stockholders, did not show any illegality or fraud as to him in connection with the merger and it appeared on a plea in bar that, with "full knowledge of the facts alleged in" the bill, he demanded payment for his stock and an appraisal thereof under § 82.

BILL IN EQUITY filed in the Superior Court on July 19, 1966.

A plea in bar was heard by *Quirico*, J.

*John H. Goewey* for the plaintiff.

*Warren F. Farr* (*Howard K. Fuguet* with him) for the defendant.

SPIEGEL, J. This is a bill in equity brought by a minority stockholder in the Simonds Saw and Steel Company

(Simonds) "on his own behalf and on behalf of all other
stockholders of Simonds who are similarly situated" to
"enforce rights and liabilities against" the Wallace-Murray
Corporation (Wallace-Murray); to have Wallace-Murray
restrained "from cutting off the right of the minority
stockholders . . . to object to the . . . merger of Simonds
into Wallace-Murray and to demand an appraisal of their
stock pursuant to G. L. . . . c. 156B"; and, inter alia, to
have the merger set aside.  The defendant filed a plea in
bar alleging that the plaintiff demanded "payment for his
stock and an appraisal thereof . . . as required by Section
82 of G. L. c. 156B," and "that by demanding the payment
of his stock, plaintiff elected to pursue his statutory remedy
and is barred from bringing or maintaining this suit.". The
plaintiff appeals from an interlocutory decree sustaining
the plea in bar, and from a final decree dismissing the bill.

We summarize the allegations of the bill.  The plaintiff
"is the owner of 450 shares" of the stock of Simonds.  In
November, 1965, Wallace-Murray offered to purchase the
outstanding stock of Simonds for $43.50 a share.  The
plaintiff considered this price to be insufficient, and declined
to sell his stock.  Wallace-Murray succeeded, however, in
acquiring 95% (about 1,444,856 shares) of the stock of
Simonds.  Subsequently, the plaintiff sought access to the
stockholders' list of Simonds in order to communicate with
the other minority stockholders "about the affairs of
Simonds." Such access was denied by the officers of Simonds
and of Wallace-Murray, allegedly in order to hinder such
communication.  The plaintiff then requested Simonds to
mail a communication to the other stockholders at his
expense concerning "the possibility of an exchange of views
between the minority shareholders of Simonds and possible
future joint action by them in the event Wallace-Murray's
. . . 95% stock interest in Simonds became adverse to . . .
[the plaintiff] and the other . . . minority stockholders
. . . ." This request was also refused "at the insistence
of Wallace-Murray and for the same improper corporate
purpose . . . ." Wallace-Murray merged Simonds into

itself under the provisions of G. L. c. 156B on June 30, 1966. Pursuant to G. L. c. 156B, § 82, written notice of such merger was sent to the minority stockholders on July 1, 1966. Under the statute, the minority stockholders had twenty days after such notice to demand payment for their shares and an appraisal of their stock. Otherwise, they had no option but to accept the terms of the merger, which provided for the exchange of two shares of nonvoting preferred stock in Wallace-Murray for each share of Simonds voting stock. This notice was not sent to the plaintiff. The plaintiff learned of the merger from a newspaper article, and upon his inquiry he received written notice of the merger on July 13, 1966.

The plea in bar states that with "full knowledge of the facts alleged in the [b]ill of [c]omplaint," the plaintiff on July 14, 1966, within twenty days after the mailing of the notice to him, "duly demanded in writing payment for his stock and an appraisal thereof." The parties agreed that these allegations are true.

The plaintiff argues that "the appraisal remedy is not exclusive and . . . an objecting minority shareholder may also institute equitable proceedings." For this proposition, he relies on the case of *Cole* v. *Wells*, 224 Mass. 504, 514. This case was decided long before the enactment of G. L. c. 156B. The plaintiff contends, however, that the statute "does not change the rule," citing in this regard G. L. c. 156B, § 98.[1] The plaintiff reads the words "such stockholder" in the section cited as referring "to a stockholder who is engaged in the enforcement of his appraisal rights under Section 82 (e) 3." The plaintiff maintains, therefore, that he has "both the right to demand an appraisal . . . and the right to seek equitable relief . . . where the merger is either illegal or fraudulent as to him."

The plaintiff's allegations concerning the denial to him

---

[1] "The enforcement by a stockholder of his right to receive payment for his shares in the manner provided in this section [§ 82] shall be an exclusive remedy except that this section shall not exclude the right of such stockholder to bring or maintain an appropriate proceeding to obtain relief on the ground that such corporate action will be or is illegal or fraudulent as to him."

of access to the other minority stockholders do not amount to an allegation of illegality or fraud. Nor did the delayed notice to the plaintiff make the merger illegal as to him, since he was in fact notified in time to preserve his rights under G. L. c. 156B, § 82 (e). The only allegations concerning conduct of the defendant of which the plaintiff has a right to complain pertain to the valuation of his stock, and as to this valuation he has an adequate remedy at law. Where in a so-called "short form" merger permitted by G. L. c. 156B, § 82, at least 90% of the stock of the corporation to be merged is owned by the parent corporation, and a minority stockholder declines to participate in the merger, the only right reserved to him, absent illegality or fraud as to him, is the right to a determination of the value of his stock.

In the case of *Cole* v. *Wells, supra,* the plaintiff had made a demand for payment of his stock before he became aware that by mismanagement and fraudulent transfers the directors had deprived the corporation of a large part of its assets, thereby depressing the value of the stock. In the instant case, no such wrongdoing is alleged. While in parts of the bill not here recited the plaintiff alleges that the defendant has sought to make it difficult for minority stockholders to learn of Simonds' financial condition, the plaintiff himself had access to the financial report and he does not contend that the condition of Simonds has been manipulated. If, as he does allege, the other stockholders were not equally informed, he cannot assert that the merger was therefore illegal or fraudulent *as to him.* The plea in bar stated, and the plaintiff admitted, that he demanded payment with "full knowledge of the facts alleged" in the bill. Even under the reasoning of *Cole* v. *Wells, supra,* the plaintiff would not be entitled to equitable relief.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs*
*of appeal.*